IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES DEAN TAYLOR,

    Plaintiff,

  v.

U.S. COURT OF APPEALS,

    Defendant.
_____/

No. C 09-05999 CW (PR)

ORDER TO SHOW CAUSE; REVOKING IFP STATUS

    Plaintiff, a state prisoner and frequent litigant in this Court, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983.  His motion for leave to proceed in forma pauperis (IFP) has been granted.

    The Prison Litigation Reform Act of 1995 (PLRA) was enacted, and became effective, on April 26, 1996.  It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

    For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire

to harm another.'"  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted).  Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes.  See id.  Dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."  Id.

Andrews requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him.  Id.  Andrews implicitly allows the Court to raise the § 1915(g) problem sua sponte, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action.  See id. at 1120.  A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in Plaintiff's prior prisoner actions in this Court reveals that Plaintiff has had at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  Plaintiff is now given notice that the Court believes the following dismissals may be counted as dismissals for purposes of § 1915(g):  (1) Taylor v. California, No. C 05-2924 CW (PR) (N.D. Cal. Jan. 17, 2006) (dismissed for failure to state a claim);

2

Taylor v. Bailey, No. C 05-4953 CW (PR) (N.D. Cal. June 13, 2006) (dismissed under Heck v. Humphrey, 512 U.S. 477 (1994)); and (3) Taylor v. Kennedy, No. C 06-0749 CW (PR) (N.D. Cal. Oct. 26, 2006) (dismissed for failure to state a claim). Plaintiff therefore may proceed in forma pauperis only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998). He is not.

In light of the dismissals listed above, and because Plaintiff does not appear to be under imminent danger of serious physical injury, it is clear that leave to proceed IFP was granted erroneously. It will be revoked, and Plaintiff will be afforded an opportunity to pay the filing fee. See Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) (revoking IFP status on appeal on three-strikes grounds); Patton v. Jefferson Corr. Center, 136 F.3d 458, 461, 465 (5th Cir. 1998) (district court correctly revoked IFP upon discovering on remand that plaintiff had five prior strikes and, when plaintiff failed to pay fee, properly dismissed case with prejudice). Accordingly, leave to proceed IFP is REVOKED.

Plaintiff is ORDERED TO SHOW CAUSE in writing no later than thirty (30) days from the date of this Order why his motion for leave to proceed IFP should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). If Plaintiff is so inclined, he may avoid dismissal by paying the $350.00 filing fee. In any event, the Court will continue to review under

3

1  § 1915(g) all future actions filed by Plaintiff while he is
2  incarcerated in which he seeks IFP status.
3  <u>Failure to file a timely response or failure to pay the full</u>
4  <u>filing fee in will result in the dismissal of this action without</u>
5  <u>further notice to Plaintiff.</u>
6       IT IS SO ORDERED.
7  DATED: 7/23/2010                    _____
                                        CLAUDIA WILKEN
8                                       United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JAMES DEAN TAYLOR et al,

        Plaintiff,

v.

US COURT OF APPEALS et al,

        Defendant.

Case Number: CV09-05999 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 23, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Dean Taylor K05216
California State Prison - Soledad
P.O. Box 689, C-106
Soledad, CA 93960

Dated: July 23, 2010

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk