IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES DEAN TAYLOR,

        Plaintiff,

   v.

U.S. COURT OF APPEALS,

        Defendant.

_____/

No. C 09-05999 CW (PR)

ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS; DISMISSING ACTION

Plaintiff, a state prisoner, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 and was granted leave to proceed in forma pauperis (IFP). Thereafter, the Court reviewed Plaintiff's prior actions filed in this court and determined that, under 28 U.S.C. § 1915(g), Plaintiff should not have been granted IFP status. Consequently, the Court issued an Order (1) finding that Plaintiff was not under imminent danger of serious physical injury, (2) notifying Plaintiff of the reasons why the Court believes that three of Plaintiff's prior dismissals may be counted as dismissals for purposes of § 1915(g), (3) revoking the grant of IFP status in this case, and (4) directing Plaintiff either to pay the filing fee or show cause why § 1915(g) does not apply.

Plaintiff has filed a response to the Court's Order in which he argues that the dismissal of his prior action, Taylor v. Bailey, No. C 05-4953 CW (PR) (N.D. Cal. June 13, 2006), on the ground that Plaintiff's claims for damages were barred by Heck v. Humphrey, 512 U.S. 477 (1994), should not be counted as a dismissal for purposes of § 1915(g) because the case was not dismissed for the reason that his claim was frivolous or malicious but, instead, because he chose the wrong cause of action.

As was explained to Plaintiff previously, the language of

§ 1915(g) provides that the dismissal of an action will count as a dismissal for purposes of § 1915(g) "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, <u>or fails to state a claim upon which relief may be granted</u>." (Emphasis added.)

<u>Heck</u> makes it clear that a § 1983 "cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." <u>Heck</u>, 512 U.S. at 489-90 (footnote omitted). Consequently, any such claim is not cognizable and therefore should be dismissed. <u>See</u> <u>Edwards v. Balisok</u>, 520 U.S. 641, 649 (1997); <u>Butterfield v. Bail</u>, 120 F.3d 1023, 1025 (9th Cir. 1997) (claim barred by <u>Heck</u> may be dismissed under Rule 12(b)(6)); <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 585 (9th Cir. 1995) (claim barred by <u>Heck</u> may be dismissed <u>sua sponte</u> without prejudice under 28 U.S.C. §1915). Accordingly, a dismissal under <u>Heck</u> counts as a dismissal for failure to state a claim under § 1915(g).

Additionally, Plaintiff argues that he should be allowed to proceed IFP under the portion of § 1915(g) that provides an exception for a prisoner who "is under imminent danger of serious physical injury." § 1915(g). Specifically, Plaintiff argues that this exception applies to him because every incarcerated prisoner is under imminent danger of serious physical injury on a daily basis. Plaintiff's conclusory assertion does not amount to a plausible allegation that he is in imminent danger of serious physical injury.

United States District Court
For the Northern District of California

1    Accordingly, based on the above, Plaintiff's request to

2 proceed IFP is DENIED.

3    Further, the case is subject to dismissal because Plaintiff's

4 request for relief is without merit.  Plaintiff asks this Court to

5 issue to the Ninth Circuit a "recommendation" that the Court is

6 willing to consider the merits of Plaintiff's second or successive

7 petition even though the Ninth Circuit has refused to grant

8 Plaintiff's request to proceed with such a petition under 28 U.S.C.

9 § 2244.  Compl. at 8.  Additionally, Plaintiff asks the Court to

10 find that the Ninth Circuit's determination is a violation of

11 Plaintiff's civil rights under 42 U.S.C. §§ 1981 and 1983.

12    Plaintiff has no statutory or constitutional right to proceed

13 with a second or successive habeas petition in federal court, and

14 this Court is without the authority to rule on such a petition

15 absent permission from the Ninth Circuit.[1]  Further, as no

16 constitutional right is implicated by the Ninth Circuit's denial of

17 permission to proceed with a second or successive petition,

18 Plaintiff cannot state a claim for relief under § 1981 or § 1983.

19 See Felker v. Turpin, 518 U.S. 651, 664 (1996) (restrictions on

20 second or successive petitions are well within limits Congress may

21 place on scope of writ of habeas corpus).

22

23

24    [1]Before a second or successive petition may be filed in the
district court, the petitioner must first obtain an order from the
court of appeals authorizing the district court to consider the
25 petition.  See 28 U.S.C. § 2244(b)(3)(A).  This gatekeeping function
performed by a court of appeals applies only to a petition filed in
26 the district court.  See Felker v. Turpin, 518 U.S. 651, 662 (1996).
The petitioner still may file an original successive habeas petition
27 in the United States Supreme Court, in which case the court of
appeals' permission to file is not needed.  See id. at 660-61.

28

3

**United States District Court**
For the Northern District of California

1    Accordingly, this action is DISMISSED with prejudice.

2    The Clerk of the Court shall enter judgment and close the

3  file.

4    IT IS SO ORDERED.

5  DATED: 10/7/2011

6                                CLAUDIA WILKEN
                                United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES DEAN TAYLOR et al,                          Case Number: CV09-05999 CW

           Plaintiff,                          **CERTIFICATE OF SERVICE**

  v.

US COURT OF APPEALS et al,

           Defendant.
_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 7, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Dean Taylor K05216
California State Prison - Soledad
P.O. Box 689, C-W 333
Soledad, CA 93960

Dated: October 7, 2011

                                   Richard W. Wieking, Clerk
                                   By: Nikki Riley, Deputy Clerk

**United States District Court**
For the Northern District of California